UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

George Pascoe,

Plaintiff,

-against-

The City of New York; New York City Police Officer Jason Jones; New York City Police Officer Jane and John Does 1 through 10,

Defendants

COMPLAINT AND DEMAND FOR JURY TRIAL

07 CIV 9413 (PAC)

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the Plaintiff, George Pascoe, seeks relief for defendants' violation of his rights under the Civil Rights Act of 1871, 42 U.S.C. §1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Section 12 of the New York State Constitution, and under the laws of the United States and the State of New York.

2.      On October 19, 2006, Police Officer Jason Jones, along with other members of New York City Police Department, seized and arrested Plaintiff for allegedly littering in the subway.  He was held in custody for approximately 74 hours prior to being arraigned in Criminal Court, where his case was dismissed.

3.      Based on their actions, it is alleged that the individual NYPD officers,

acting under the color or law, unreasonably seized, searched and detained Plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Section 12 of the New York State Constitution, as well as his rights to be free from false arrest, false imprisonment and excessive post-arrest detention and malicious prosecution.

## JURISDICTION

4.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

5.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). The Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6.    Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c) in that, *inter alia*, Defendant City of New York "resides" in the Southern District of New York, insofar as it is therein subject to personal jurisdiction.

## JURY DEMAND

7.    The Plaintiff demands a trial by jury on each and every one of his claims

as pled herein.

## PARTIES

8.    The Plaintiff, GEORGE PASCOE ("Plaintiff" or "Mr. Pascoe"), is a resident of New York City.

9.    Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

10.    Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.  At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

11.    Defendant New York City Police Officer JASON JONES, shield number 11930, is a police officer is employed by the NYPD and at all relevant times herein was acting in the capacity of agent, servant, and employee of the City.  Officer Jones

is sued individually and in his official capacity.

12.     On information and belief based on his sworn statements, at all times relevant herein, Officer Jones' command was Transit District 32.

13.     Defendant JANE DOE 1 is an unidentified police officer who was present and involved in the arrest of Plaintiff and who was employed by the NYPD and who at all relevant times herein was acting in the capacity of agent, servant, and employee of the City.  Plaintiff is unable to determine the name of this NYPD officer at this time and thus sues her under a fictitious designation.  Jane Doe 1 is sued in her individual and official capacities.

14.     Defendant JOHN DOE 2 is an unidentified police officer who was present at Central Booking in the Kings County Criminal Court and who had Plaintiff strip to his underwear to be searched in full view of other officers and detainees and who was employed by the NYPD and who at all relevant times herein was acting in the capacity of agent, servant, and employee of the City.  Plaintiff is unable to determine the name of this NYPD officer at this time and thus sues him under a fictitious designation.  John Doe 2 is sued in his individual and official capacities.

15.     Defendants JOHN and JANE DOES 3 through 10 are the unidentified NYPD officers and/or civilian employees who were present during and involved in the detention of Plaintiff in Central Booking at the Criminal Court, working in both

room 207 of 120 Schermerhorn Street, Brooklyn, New York and in Central Booking in the Kings County Criminal Court also located at 120 Schermerhorn Street in Brooklyn . At all relevant times herein were each acting in the capacity of agent, servant, and employee of the City. Plaintiff is unable to determine the names of these NYPD officers and employees at this time and thus sues them under fictitious designations. John and Jane Does 3-10 are sued in their individual and official capacities.

16.    At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as an agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of thier lawful functions in the course of their duties. The individual defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

17.    At the time this claim arose, Mr. Pascoe was a 47-year-old health-care worker living at 796 Lenox Road, Brooklyn, New York.

18.    On October 19, 2006 at approximately 1:22 PM, Mr. Pascoe was stopped

by Defendant Officer Jones in the Utica Avenue/Fulton Street subway station in Brooklyn in connection with an allegation that Mr. Pascoe had littered.

19.     Defendant Jones took Mr. Pascoe to the spot where there was what appeared to be a piece of a candy wrapper.

20.     Mr. Pascoe told the officer, in substance, that he was not aware that he dropped any thing but offered to pick up the candy wrapper and throw it out.

21.     Defendant Jones was present with Defendant Jane Doe 1.  The officers asked Mr. Pascoe for his name, which he gave them.

22.     Defendant Jones told Mr. Pascoe that there was a warrant for Mr. Pascoe and directed him to put his hands behind his back, at which point Mr. Pascoe was handcuffed.

23.     There were no warrants outstanding for Mr. Pascoe, a fact shown conclusively on Mr. Pascoe's "rap sheet," which was produced on October 19, 2006 at 6:22 PM, approximately 5 hours after his arrest.

24.     Following his arrest, Mr. Pascoe was brought to a NYPD precinct, possibly Transit District 33 at 2399 Fulton Street, Brooklyn, New York, by Defendants Jones and Jane Doe 1.

25.     Later that day Mr. Pascoe was transported by the police to Central Booking in Brooklyn.

26.     While at Central Booking, Mr. Pascoe was directed by John Doe 2 to strip to his underwear and was searched in full view of other officers and detainees.

27.     Mr. Pascoe spent approximately 74 hours — more than three days — in Central Booking before he was finally brought before a judge for arraignment on the afternoon of October 22, 2006.

28.     When Mr. Pascoe was finally arraigned, his assigned counsel, a supervising attorney with The Legal Aid Society, argued to the Court that the complaint against Mr. Pascoe was "insufficient," and argued that "[i]t doesn't state what section, and if you look at the back [of the complaint] it doesn't say what he did to even litter." Following that argument the Assistant District Attorney on the matter stated that the "People move to dismiss" and, although the People did not move that the case be dismissed in the interest of justice, the Court stated, *sua sponte*, it was dismissing on that basis.

29.     The accusatory instrument filed in the case was a New York State Department of Motor Vehicles, Traffic Violations Bureau Complaint/Information, which appears to be a form that would normally be used as a summons as that term is defined in New York Penal Law § 130.10, but which was given a Criminal Court docket number (hereinafter, the "Complaint"). It was signed by Defendant Jones and dated October 19, 2006.

30.    Approximately two weeks after the Complaint was dismissed in the Criminal Court, Mr. Pascoe received in the mail a notification to appear at the Transit Adjudication Bureau ("TAB") for a hearing on November 27, 2006 in connection with a summons or ticket that was supposedly issued to him.

31.    Mr. Pascoe assumed that the hearing at TAB was in connection with his October 19, 2006 arrest, insofar as that had been his only recent interaction with the Transit Police.

32.    He appeared without counsel on that date and the matter was adjourned until January 11, 2007 for counsel and for the police officer who issue the ticket to appear.

33.    On January 11, 2007, Mr. Pascoe appeared with the counsel at the TAB.

34.    At the January 11, 2007 hearing at TAB, Defendant Jones appeared as the officer that issued the ticket in question, which was referenced as Violation # T 098353292.  That Violation # T 098353292, however, turned out to be a ticket alleging that on October 26, 2006, a "George Pascode," with Mr. Pascoe's correct address but with an incorrect date of birth, violated Transit Authority Rule 1050.7(j) by occupying more than one seat on a platform in Grand Central Station.

35.    At that hearing, Defendant Jones testified that the ticket was in his handwriting and that he recognized the signature on as being his.  He could not,

however, recall making out that ticket or serving it on Mr. Pascoe on that date.

36.    Defendant Jones testified that at the time of this ticket his "command" was Transit District 32.

37.    Transit District 32 is located in Brooklyn and Grand Central Station is in Manhattan.

38.    Mr. Pascoe was not in Grand Central Station at the time of the conduct specified in Violation # T 098353292, nor was he ever given that ticket by Defendant Jones, who on information an belief based on his testimony at the hearing was also not in Grand Central Station in Manhattan at that time.

39.    On information and belief, the ticket giving rise to Violation # T 098353292 was "issued" by Defendant Jones in an effort to meet either an official or unofficial quota and that he simply filled in the summons using names, addresses and other information from prior citations in an attempt to make the summons look legitimate.

40.    At the January 11, 2007 TAB hearing, however, Defendant Jones was questioned about the October 19, 2006 arrest and the Complaint that was issued in connection therewith.

41.    Defendant Jones stated that his arrest of Mr. Pascoe on October 19, 2006 was his first.

42.    He also testified under oath that on October 21, 2006, two days after he first brought Mr. Pascoe to Central Booking in Brooklyn, he was told to go Room 207 in the Kings County Criminal Court.

43.    Room 207 is a large office space at the Criminal Court which is operated by officers and employees of the NYPD and in which, on information and belief, arrest papers pertaining to arrests are processed.

44.    Defendant Jones further testified that it was while at Central Booking on October 21, 2006, he was told to "issue" Mr. Pascoe a ticket for littering and to backdate it to October 19, 2006, the actual date of the arrest, which is what he testified under oath he did.

45.    Defendant Jones further testified that at the time he filled out and backdated the Complaint two days later he was told, and thus knew that Mr. Pascoe was still in custody in Central Booking.

46.    During the time that he was in Central Booking, Mr. Pascoe continuously inquired of officers present as to when he was going to be arraigned.  Among other unhelpful answers, he was told they were "waiting for an arraignment number."

47.    During the time which Mr. Pascoe was in Central Booking, his daughter, Iyesha Pascoe repeatedly inquired of the court clerks and officers as to her father's status but was also not given a straightforward answer.

-10-

**NOTICE OF CLAIM**

48.    Plaintiff filed a Notice of Claim with the Office of the Comptroller of the City of New York on January 12, 2007.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 Against Individual NYPD Defendants**

49.    All other paragraphs herein are incorporated by reference as though fully set forth.

50.    The defendant NYPD officers, Defendants Jones and Jane and John Does 1 through 10, engaged under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 to be free from false arrest, false imprisonment, unnecessary delay in arraignment unreasonable searches and seizures, and malicious prosecution.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 Against the City of New York**

51.    All other paragraphs herein are incorporated by reference as though fully set forth.

52.    Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

53.    At all times material to this complaint, the defendant City, acting through

defendant NYPD, and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

54.     At all times material to this complaint, the defendant City, acting through defendant NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim for
### False Arrest/False Imprisonment/Unnecessary Delay in Arraignment

55.     All other paragraphs herein are incorporated by reference as though fully set forth.

56.     Plaintiff was arrested without probable cause and in the absence of a warrant and held for approximately 74 hours.  By their actions, Defendants Jones and Does, jointly and severally, violated the Plaintiff's right under New York law to be free from false arrest, false imprisonment and excessive post arrest detention, as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

## FOURTH CAUSE OF ACTION
### Pendant State Law Claim for
### Malicious Prosecution

57.     All other paragraphs herein are incorporated by reference as though fully set forth.

58.     By the actions described above, Defendants Jones and Does jointly and severally violated Plaintiff's rights under New York law to be free malicious prosecution.

## FIFTH CAUSE OF ACTION
### Pendant State Law Claim for
### Negligent Hiring, Training and Supervision

59.     All other paragraphs herein are incorporated by reference as though fully set forth.

60.     The unlawful detention suffered by Plaintiff the proximate result of the negligence of the Defendants City and NYPD, in that the City and NYPD failed to exercise reasonable care in the hiring, employment, supervision and training of its employees.

61.     The Defendants City and NYPD has or should have had knowledge of the unlawful actions activities of its employees, including Defendant Jones and Does. Defendants City and NYPD failed to exercise reasonable care by hiring, improperly and negligently training and/or not terminating the employment of Defendant Jones

and Does or taking other corrective action.  By reason of the tortuous conduct of the

Defendants City and NYPD, Plaintiff had been damaged as set forth above.

### SIXTH CAUSE OF ACTION
### Pendant State Law Claim for
### Violation of Rights under New York State Constitutional

62.    All other paragraphs herein are incorporated by reference as though fully

set forth.

63.    In arresting, searching and detaining Plaintiff without sufficient cause,

the defendants Jones and Does, jointly and severally, engaged in unreasonable

searches and seizures in violation of Article I Section 12 of the New York

Constitution.

WHEREFORE, Plaintiff requests that this Court:

1.    Assume jurisdiction over this matter;

2.    Award compensatory and punitive damages to Plaintiff against the

defendants, jointly and severally;

3.    Award Plaintiff reasonable costs, disbursements and attorneys' fees; and

4.    Grant any other relief that this Court deems just and proper.

Dated:  New York, New York
        October 19, 2007

Respectfully submitted,

Darius Wadia, L.L.C.


/s/

_____
By:  Darius Wadia, Bar number DW8679
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com

TO:

New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY  10007

Police Officer Jason Jones
Transit District 32
960 Carroll Street
Brooklyn, New York  11235