UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

GEORGE PASCOE,

                                                 Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
OFICER JASON JONES; NEW YORK CITY POLICE
OFFICER JANE AND JOHN DOES 1 through 10,

                                                 Defendants.

**ANSWER**

07 CV 9413 (PAC)

Jury Trial Demanded

------------------------------------------------------------------- x

        Defendants the City of New York and Police Officer Jason Jones, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Deny the allegations set forth in paragraph "3" of the complaint.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports that this action arises as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction and supplemental jurisdiction as stated therein.

        6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports that venue is proper.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to demand a jury trial.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York maintains a police department.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Jason Jones is employed by the NYPD.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Police Officer Jason Jones' current command is Transit District 32.

13. Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about "JANE DOE 1".

14. Deny the allegations set forth in paragraph "14" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about "JOHN and JANE DOES 3 through 10".

15. Deny the allegations set forth in paragraph "15" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about "JOHN DOE 2".

16. Paragraph "16" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations contained in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit plaintiff was transported to Central Booking.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint, except admit that Transit District 32 is located in Brooklyn, NY.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint, except admit that what purports to be a Notice of Claim was filed on or about January 12, 2007, and admit that matter has not yet been settled.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38" inclusive of their answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "50" inclusive of their answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "54" inclusive of their answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "56" inclusive of their answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "58" inclusive of their answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "61" inclusive of their answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

64. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

65. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

66. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

67. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

68. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

69. Defendant Jason Jones has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

70. There was reasonable suspicion to stop and detain plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72. Punitive damages cannot be awarded against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**WHEREFORE,** defendants the City of New York and Police Officer Jason Jones request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         January 8, 2008

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the
>                      City of New York
>                    Attorney for Defendants the City of New York and
>                    Police Officer Jason Jones
>                    100 Church Street, Room 3-196
>                    New York, New York 10007
>                    (212) 788-9567
>
>              By:   _____
>                    Suzette Corinne Rivera
>                    Assistant Corporation Counsel
>                    Special Federal Litigation

To:   BY ECF
      Darius Wadia, Esq.
      Attorney for Plaintiff
      233 Broadway, Suite 2208
      New York, NY 10279

Index No. 07 CV 9413 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE PASCOE,

Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE OFICER JASON JONES; NEW YORK CITY POLICE OFFICER JANE AND JOHN DOES 1 through 10,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants the City of New York and Police Officer Jason Jones*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Suzette Corinne Rivera*
*Tel: (212) 788-9567*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................., 200......*

*............................................................................ Esq.*

*Attorney for ..........................................................................*